[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15726
Non-Argument Calendar

_____

D.C. Docket No. 2:14-cv-00386-CM

JAY RANCEL,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 31, 2016)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Jay Rancel, proceeding *pro se*, appeals the district court's order affirming the Social Security Administration (SSA)'s denial of his application for disability insurance benefits (DIB).  Rancel argues that, contrary to the determination of the administrative law judge (ALJ), he qualified for DIB between May 31, 2005, and September 30, 2006.  After review, we affirm.[1]

The ALJ determined that Rancel was ineligible for DIB because he failed to demonstrate disability on or before September 30, 2006, the last date for which he was insured.  *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) ("[A] claimant is eligible for [DIB] where she demonstrates disability on or before the last date for which she were insured.").  Substantial evidence supports the conclusion that Rancel failed to meet his burden in this respect.  *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("We review the [ALJ's] decision to determine if it is supported by substantial evidence and based on proper legal standards."); *Moore*, 405 F.3d at 1211 (explaining that the claimant bears the burden of establishing a qualifying disability).  Although medical records show a diagnosis of schizophrenia as of July 2008, there are no records showing a medical diagnosis—or even any medical evaluations—for schizophrenia or any another potentially qualifying disability prior to that date.  The only relevant records for purposes of the DIB determination were school records dating prior to

---

[1] Because we write for the parties, we set out only what is necessary to explain our decision.

2

the alleged onset date of Rancel's disability.  Although the school records indicate emotional and behavioral problems from a young age, they are insufficient to establish that Rancel had a severe and medically determinable impairment.  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) ("[A]n individual shall be considered to be disabled . . . if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."); 20 C.F.R. § 404.1527(a) ("[An] impairment must result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.").  Nor is Rancel's own description of his mental state during the relevant time period sufficient to establish an impairment.  *See id.* § 404.1528(a) ( explaining that "[s]ymptoms . . . alone are not enough to establish that there is a physical or mental impairment.).

The ALJ applied the proper legal standards in reaching her determination that Rancel is ineligible for DIB.  *See Crawford*, 363 F.3d at 1158.  She engaged in the appropriate five-step analysis and concluded that there was insufficient evidence to find that Rancel had a medically determinable impairment.  *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (the SSA applies a five-step evaluation analyzing, *inter alia*, whether the claimant has a

3

severe and medically determinable physical or mental impairment); s*ee also* 20 C.F.R. § 404.1520(a)(4) (explaining that a person who does not have a severe impairment, or who can make an adjustment to other work, is not disabled.).  And she appropriately evaluated the symptoms, signs, and laboratory findings pertinent to the determination of whether Rancel had a medically determinable mental impairment on or before September 30, 2006.  *See* 20 C.F.R. §§ 404.1520a(a)-(b), 404.1528.  Thus, the ALJ applied proper legal standards, and substantial evidence supports the ALJ's determination that Rancel did not show he was disabled during the relevant time frame.  *See Crawford*, 363 F.3d at 1158.  Accordingly, we affirm.

**AFFIRMED.**